IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC ONYANGO | ) |
| | ) |
| Plaintiff, | ) Case No. 11-cv-8445 |
| | ) |
| | ) Judge Sharon Johnson Coleman |
| v. | ) |
| | ) |
| DOWNTOWN ENTERTAINMENT, LLC | ) |
| DBA "Cuvee", DOWNTOWN | ) |
| ENTERTAINMENT II, LLC, VML, INC, | ) |
| and JAMES D, POHL | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Downtown Entertainment, LLC's ("Downtown Entertainment") and James D. Pohl's, collectively ("Defendants") motion to dismiss and motion to strike. Plaintiff, Eric Onyango, ("Onyango") has filed a second amended complaint alleging one federal law claim, violation of 42 U.S.C. § 1981, and three state law claims, including, breach of contract, assault and negligence.[1] Downtown Entertainment seeks to strike certain allegations from complaint and James D. Pohl seeks to dismiss all claims against him. For the following reasons, Pohl's motion to dismiss is granted with respect to all claims. Downtown Entertainment's motion to strike is granted in part and denied in part.

---

[1] Plaintiff has voluntarily dismissed his claim for the breach of the covenant of good faith and fair dealing. Defendants requested their original motion to dismiss to stand for the amended complaints. Downtown Entertainment also filed a motion to dismiss count V of the complaint for failure to state a claim, however, as stated, this claim has been voluntarily dismissed.

**Facts**

On or about August 5, 2011, Plaintiff, Eric Onyango, paid $20 to attend Cuvee Nightclub ("Cuvee"), an nightclub owned by Downtown Entertainment. James D. Pohl is part owner of both Cuvee and Downtown Entertainment.

While at Cuvee, Onyango got into a dispute with another patron who solicited Onyango for illegal drugs. After Onyango took offense to this request, the man, who was white, called Onyango a "black shit". An altercation ensued after which, Onyango, who is African-American, was approached by employees of Downtown Entertainment, who directed security personnel to forcibly remove him from Cuvee, while the white patron remained inside.

Onyango alleges that his removal from Cuvee was racially motivated and caused him to sustain physical injuries. Onyango brings this action under 42 U.S.C § 1981 against Downtown Entertainment and James D. Pohl alleging discrimination, as well as breach of contract, assault and negligence. James D. Pohl ("Pohl") has brought forth a motion to dismiss for failure to state a claim under the Federal Rule of Civil Procedure 12(b)(6). Downtown Entertainment has brought forth a motion to strike certain allegations in the complaint.

**Legal Analysis**

In granting a motion to dismiss under FRCP 12(b)(6), the court considers the allegations in the complaint to be true and views all well-pleaded facts and any reasonable inferences drawn from the facts in the light most favorable to the plaintiff. *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918,924 (2000). The complaint must

describe the plaintiff's claims and grounds in sufficient detail to give the defendant fair notice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). In order to survive a motion to dismiss the plaintiff must allege sufficient factual matter to plausibly suggest that they have a right to relief, raising that possibility above a speculative level. *Twombly,* 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1949-50.

## Discussion

**Defendant Pohl's Motion to Dismiss**

Pohl argues that Onyango has failed to state a cognizable claim under 42 U.S.C. § 1981. To state a claim under Section 1981, a plaintiff must establish that: (1) he is a member of a racial minority, and (2) that the Defendants intended to discriminate against him on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Morris v. Off. Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). Furthermore, to succeed under Section 1981 against a private individual, a plaintiff must allege personal involvement on the part of the individual defendant. *Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 753 (7th Cir. 1985).

Onyango offers no facts that demonstrate that Pohl individually discriminated against him. Onyango does not allege that Pohl was present at Cuvee during his altercation and removal nor does he allege any facts that suggest that Pohl had any knowledge of these events. Without alleging these facts, Onyango's claim fails to rise above the speculative level. Accordingly, Onyango's Section 1981 claim against Pohl is dismissed with prejudice.

Pohl also argues that all state law claims against him should be dismissed because Onyango has failed to allege any facts that would subject him to personal liability as required by Illinois state law. Under Illinois law, corporations and limited liability companies exist as legal entities separate from their officers, shareholders and directors, and as a general rule, these officers, shareholders and directors will not be held personally liable for the corporation's obligations. *Judson Atkinson Candies v. Latini-Hohberger Dhimantec,* 529 F.3d 371, 378 (7th Cir. 2008). Thus, in order to hold an individual shareholder liable for a company's conduct, a plaintiff must pierce the corporate veil of liability. *Wachovia Securities, LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 751 (7th Cir. 2012). The corporate veil of liability is only pierced when there is such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist. *Van Dorn Co. v. Future Chem. & Oil Corp.*, 753 F.2d 565, 569 (7th Cir. 1985). Therefore, Illinois courts are reluctant to pierce the corporate veil and concrete evidence must be shown in order to do so. *Judson*, 529 F.3d at 379. This includes evidence that demonstrates: (1) a company's failure to maintain adequate corporate records or adhere by corporate formalities, (2) the commingling of funds or assets, (3) undercapitalization, and (4) one corporation treating the assets of another as its own. *Van Dorn Co.*, 753 F.2d. at 570.

In his amended complaint, Onyango alleges that Downtown Entertainment is Pohl's alter ego and that it is undercapitalized and commingling funds. Onyango, however, offers no factual allegations in support of these claims. Relying upon a restatement of the elements necessary to succeed on a claim is insufficient to demonstrate a viable cause of action. *See Iqbal,* 129 S. Ct. 1937, 1949-51 (holding that legal

conclusions, unsupported by alleged underlying facts, do not suffice and are not entitled to assumption of truth). Onyango's threadbare recital of the elements necessary to successfully pierce the corporate veil will not suffice. Accordingly, plaintiff's state law claims against Pohl are dismissed.

**Defendant Downtown Entertainment's Motion to Strike**

    **Punitive Damages**

Downtown Entertainment seeks to strike plaintiff's request for punitive damages in counts I (breach of contract) and III (assault). In Illinois, as a general rule, punitive damages are not recoverable for a breach of contract. *Morrow v. L.A. Goldschmidt Associates, Inc*., 112 Ill. 2d 87, 94 (Illinois 1986). "Punitive damages may be awarded in a contract case only if the plaintiff pleads and proves an independent tort and only if there is clear and convincing evidence that the defendant acted with "malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, over zealousness, mere negligence, or other human failing." *NRC Corp. v Amoco Oil Co.*, 205 F.3d 1007, 1014 (7th Cir. 2000). The breach itself must be a conscious disregard for safety of others and demonstrate intent or purpose to injure. *Scullin Steel*, 563 F.Supp. at 828.

Downtown Entertainment argues that the mere inclusion of term "willful/wanton" is insufficient to support a prayer for punitive damages. Defendant is correct. Plaintiff's reliance on conclusory phrases regarding how Downtown Entertainment performed during this incident does not support a request for punitive damages. Plaintiff has not alleged any facts that suggest that Downtown Entertainment acted with gross negligence,

malice or oppressiveness as required to receive punitive damages. Therefore, plaintiff's request for punitive damages for count I is stricken.

Onyango also requests punitive damages for his claim of assault. Punitive damages may be awarded when torts are committed with fraud, actual, malice deliberate violence or oppression, or when the defendant acts willfully, or with such negligence as to indicate a wanton disregard of the rights of others. *Wegman v. Pratt*, 219 Ill. App. 3d 883, 896 (5th Dist. 1991). Punitive damages, however, should not be awarded if the defendant's misconduct is not above and beyond the conduct needed for the basis of the underlying cause of action. *Guice v. Sentinel Technologies, Inc.*, 294 Ill. App. 3d 97, 111 (1997). Here, Onyango alleges that in the course of his physical removal from Cuvee he suffered physical injury. Thus, he does not allege misconduct that is above and beyond the conduct required to allege assault or battery. Further, Onyango does not set forth th injuries from which could be inferred that the conduct was such that punitive damages would be appropriate. Therefore, plaintiff does not allege misconduct that is above and beyond the conduct required to allege assault or battery. Accordingly, defendant's request to strike punitive damages with respect to count III is granted.

**Attorney's Fees**

Downtown Entertainment also seeks to strike Onaygo's request for attorney's fees because Onyango is a pro se plaintiff in this matter. *Pro se* litigants filing civil rights claims are not entitled to attorney's fees. *Krecloch v. U.S,* 316 F.3d 684, 688 (7th Cir. 2003). Nevertheless, plaintiff cites *DeBold v. Stimson*, 735 F.2d 1037 (7th Cir. 1984) in support of his request for attorney fees. The court in *DeBold* held that *pro se* plaintiffs are not entitled to attorney fees, but are only entitled to litigation costs that are reasonably

incurred, such as hiring experts, obtaining records, copying, etc. *Id.* at 1042-43. Onyango, however does not request litigation costs, but specifically requests attorney's fees, for which it has been well established he is not entitled. Downtown Entertainment's motion to strike request for attorney's fees is granted.

Plaintiff also mentions that he may eventually seek counsel and then argues his request for attorney's fees will become appropriate at that time. In the event Onyango is later represented by counsel, he will be granted leave to amend his complaint accordingly.

**Paragraphs 19 and 39**

Downtown Entertainment also seeks to strike paragraphs 19 and 39 from the Onyango's complaint because both allegations concern the sale of alcohol. Downtown Entertainment argues that the Dram Shop Act is the exclusive remedy for injuries resulting from the sale of alcoholic beverages in Illinois. *Charles v. Seigfried*, 651 NE 2d 154, 159, 165 Ill. 2d 482 (Illinois 1995)(emphasis added). Because Onyango has failed to allege any claims under the Dram Shop Act, Downtown Entertainment requests statements concerning the sale of alcohol to be stricken from his complaint.

Paragraphs 19 of Onyango's complaint states "[o]n information and belief, Plaintiff asserts that Cuvee sold [Cuvee patron] thousands of dollars' worth of liquor." Paragraph 39 states "Downtown Entertainment breached its contractual obligations to Plaintiff by overserving [Cuvee patron] liquor thereby enabling him to create an unreasonably dangerous and racially tense environment."

Both paragraphs 19 and 39 concern the sale of alcohol. Paragraph 19 primarily serves to further illustrate facts to support Onyango's version of events. Therefore,

paragraph 19 may remain in the complaint. Paragraph 39, on the other hand, asserts a claim against Downtown Entertainment for the sale of alcohol. As stated, the Dram Shop Act is the exclusive remedy for the sale of alcoholic beverages in Illinois. Having failed to assert a claim under the Illinois Dram Shop Act, paragraph 39 is irrelevant to this matter. Accordingly, Downtown Entertainment's motion to strike is granted with respect to paragraph 39.

**Conclusion**

For the foregoing reasons, this Court grants Defendant James D. Pohl's motion to dismiss without prejudice and grants in part and denies in part Defendant Downtown Entertainment's motion to strike.

IT IS SO ORDERED.
July 30, 2012

Dated

Hon. Sharon Johnson Coleman
United States District Court